UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Randall Davis, on Behalf of Himself and all Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>The Coca-Cola Company,<br><br>　　　　　　Defendant. | Civil Action No.<br><br><br><br>**COMPLAINT and<br>DEMAND FOR JURY TRIAL** |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff hereby moves the Court, pursuant to Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, for certification of the following class:

> All purchasers of Coca-Cola's Simply Orange in the Illinois from March 2006 to the present (the "Class Period"). Excluded from the Class are Defendant, its parent, subsidiaries and affiliates, their directors and officers and members of their immediate families; also excluded are any federal, state or local governmental entities, any judicial officers presiding over this action and the members of their immediate family and judicial staff, and any juror assigned to this action.

Specifically excluded are Defendant, any entity in which the Defendant has a controlling interest and any of its parents, subsidiaries, affiliates and their officers and directors. Also excluded are any members of the judiciary and the members of their immediate families and Plaintiff's counsel.

In support of their motion, Plaintiff states the following:

1. Plaintiff files this motion to protect their rights and the rights of putative class in light of the Seventh Circuit's recent ruling in *Damasco v. Clearwire*

*Corp.*, 662 F.3d 891 (7th Cir. 2011). Plaintiff intends to file a fulsome memorandum in support of this motion on a schedule they hope to work out with opposing counsel and present it to the Court for its approval.

2. The Class satisfies all of the statutory prerequisites for class certification.

3. Joinder of all members of the Class is not practical, as it consists of thousands of persons who reside throughout Illinois. Rule 23(a)(1). The precise scope of the Class will be ascertained in discovery.

4. There are common questions of fact and law that predominate over any issues affecting only individual Class members. As set forth more fully in Plaintiff's Class Action Complaint, the claims of the Class arise from the same misrepresentation by Defendant regarding Simply Orange orange juice. Rule 23(a)(2). There are questions of law and fact that are common to Plaintiff and all Class members, including, *inter alia*:

    (a)    whether Coca-Cola was unjustly enriched by its conduct;

    (b)    whether Coca-Cola breached an express warranty made to Plaintiff and the Class;

    (c)    whether Coca-Cola advertises, or markets Simply Orange in a way that is false or misleading;

    (d)    whether Simply Orange failed to conform to the representations, which were published, disseminated and advertised to Plaintiff and the Class;

    (e)    whether Coca-Cola concealed from Plaintiff and the Class that Simply Orange did not conform to its stated representations;

  (f)  whether, by the misconduct set forth in this Complaint, Coca-Cola has engaged in unfair, fraudulent or unlawful business practices with respect to the advertising, marketing and sales of Simply Orange;

  (g)  whether Coca-Cola violated the Illinois Consumer Fraud Act; and

  (h)  whether, as a result of Coca-Cola's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

5. Plaintiff will fairly and adequately represent and protect the Class, and have no interests antagonistic to the interests of the Class. Plaintiff's claims are typical of the claims of the Class. By proving his claims, Plaintiff will prove the claims of the Class. Rule 23(a)(3) and (4).

6. Plaintiff has retained competent counsel, experienced in the prosecution of class actions. Counsel has prosecuted and will continue to prosecute this action vigorously in the interests of Plaintiff and the Class. Rule 23(a)(4).

7. Defendant has acted in a manner that is generally applicable to the class.

8. This class action is superior to other available methods for the fair and efficient adjudication of this controversy, since

  (a)  Common questions of law and fact overwhelmingly predominate over any individual questions that may arise, such that there would be enormous economies to the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

  (b)  The size of each Class member's relatively small claim is too insignificant to make individual litigation an economically viable alternative, such that as a practical matter there is no "alternative" means of adjudication to a class action;

  (c)  Few Class members have any interest in individually controlling the prosecution of separate actions (any that do may opt out);

(d) Class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by Class members;

(e) Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this class action to be litigated on a cost-effective basis, especially when compared with repetitive individual litigations; and

(f) No unusual difficulties are likely to be encountered in the management of this class action insofar as Defendant's liability turns on substantial questions of law or fact that are common to the Class and that predominate over any individual questions.

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully pray for an order certifying the Class described herein, appointing Plaintiff as the representative of the Class and counsel as Class counsel, and for such further relief as the Court deems appropriate.


DATED: March 30, 2012          Respectfully submitted,

                               **RANDALL DAVIS**,
                               Class Plaintiff,

                               By:   /s/ Jeffrey A. Leon

                               Jeffrey A. Leon
                               Jamie E. Weiss
                               **COMPLEX LITIGATION GROUP LLC**
                               513 Central Avenue, Suite 300
                               Highland Park, IL 60035
                               (847) 433-4500

                               Richard J. Burke
                               **COMPLEX LITIGATION GROUP LLC**
                               1010 Market Street, Suite 660
                               St. Louis, Missouri 63101

-5-

David M. Sternfield
**LAW OFFICES OF**
**DAVID M. STERNFIELD, LLC**
33 North Dearborn Street, Suite 300
Chicago, Illinois 60602

*Attorneys for Plaintiff and Proposed Class*