**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Randall Davis, on Behalf of Himself and all Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| The Coca-Cola Company, | ) ) |
| Defendant. | ) ) |

Civil Action No. 1:12-cv-02391

Judge James B. Zagel

**DEFENDANT'S AGREED MOTION TO STAY PROCEEDINGS
PENDING A RULING BY THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

Defendant The Coca-Cola Company ("TCCC") hereby moves the Court, with the consent

of plaintiffs, pursuant to Federal Rule of Civil Procedure 6(b)(1) for an Order staying all

proceedings and deadlines in this action until the Judicial Panel on Multidistrict Litigation (the

"MDL Panel") has issued a ruling on the currently pending motion to consolidate and transfer

this and other actions captioned *In re: Simply Orange Orange Juice Marketing and Sales

Practices Litigation* (MDL No. 2361).  In support of this motion, Defendant states as follows:

1.      On March 30, 2012, Plaintiff Randall Davis ("Davis") filed a putative

class action complaint against TCCC for breach of contract and warranty (the "Complaint").

2.      TCCC waived service and its current deadline to answer, move to dismiss,

or otherwise respond to Davis's Complaint is May 29, 2012.  Neither party has previously sought

an extension of any deadline in this action from the Court.

3.      Seven cases identical to this one are pending against TCCC in judicial

districts around the country:

- *Veal v. Simply Orange Juice Company*, Civ. Action No. 2:12-cv-00803-TMP (N.D. Ala.), filed on March 13, 2012;

- *Veal v. The Minute Maid Co., a division of The Coca-Cola Co.*, Civ. Action No. 2:12-cv-00802-IPG (N.D. Ala.), filed on March 13, 2012;

- *Wieczorek v. The Coca-Cola Co.*, Civ. Action No. 4:12-cv-00308-FJG (W.D. Mo.), filed on March 10, *2012*;

- *Gonzalez v. The Coca-Cola Co.*, Civ. Action No. 2:12-cv-00695-GEB-EFB (E.D. Cal.), filed on March 19, 2012;

- *Yee v. Simply Orange Juice Co.*, Civ. Action No. 4:12-cv-01170-CW (N.D. Cal.), filed on March 8, 2012;

- *Sovocool v. The Coca-Cola Co.*, Civ. Action No. 3:12-cv-02064-JCS (N.D. Cal.), filed on April 25, 2012; and

- *D'Aloia v. Simply Orange Juice Co.*, Civ. Action No. 8:12-cv-00802-EAK-MAP (M.D. Fla.), filed on April 19, 2012.

4.      The core allegation in each of these cases is the same:  plaintiffs all assert that TCCC's statements that its 100% orange juice products are "100% pure" and "natural" are false because the juice is pasteurized and "processed."

5.      On March 15, 2012, the plaintiff in the *Wieczorek* case filed a motion before the MDL Panel to transfer the actions against TCCC to the Western District of Missouri for pre-trial proceedings pursuant to 28 U.S.C. § 1407.

6.      On April 5, 2012, the plaintiffs in the *Veal* actions and the *Yee* action filed briefs before the MDL Panel suggesting, respectively, that the Northern District of Alabama and the Eastern District of California would be appropriate transferee districts in which to consolidate the related actions against Defendant.

7.      On April 27, 2012, the plaintiffs in the *D'Aloia* case filed a brief before the MDL Panel, suggesting that the Middle District of Florida would be the appropriate transferee district in which to consolidate the related actions against Defendant.

8.     TCCC has told the MDL Panel that the Northern District of Illinois would be an appropriate transferee district in which to consolidate the related actions.

9.     Nevertheless, it is possible that this case may be transferred by the MDL Panel to a different court for pre-trial proceedings.  TCCC, therefore, respectfully submits that a stay of this action would promote the interests of justice.

10.     District courts have already entered stay orders in four of the related actions against TCCC pending a ruling by the MDL Panel (s*ee Veal v. The Minute Maid* Co., No. 2:12-cv-802 (N.D. Ala. Apr. 9, 2010) (Johnson, J.) (Dkt. #5); *Veal v. Simply Orange Juice Co.*, No. 2:12-cv-803 (N.D. Ala. Apr. 9, 2010) (Putnam, M.J.) (Dkt. #5)); *Gonzalez v. The Coca-Cola Co.*, Civ. Action No. 2:12-cv-00695-GEB-EFB (E.D. Cal.) (Dkt. #9); *Wieczorek v. The Coca-Cola Co.*, Civ. Action No. 4:12-cv-00308-FJG (W.D. Mo.) (Dkt. #16).

11.     The court has inherent power to stay proceedings in order to "control the disposition of the causes in its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  "[A]n order merely staying the action does not constitute abnegation of judicial duty.  On the contrary, it is a wise and productive discharge of it.  There is only postponement of decision for its best fruition." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996).

12.     District courts routinely stay cases pending the MDL Panel's decision on a motion for transfer.  *See, e.g., Rivers v. Walt Disney Co*., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("it appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved"); *see also Good v. Prudential*

3

*Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (stays pending an MDL Panel ruling are "frequently" granted).

13.     There is good cause to stay these proceedings because, absent a stay, TCCC will suffer a "clear hardship" by having to defend the same issues in multiple fora. *See Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 426-28 (D.N.J. 2003). Just in the short term, TCCC would need to answer, or move to dismiss, make initial disclosures, produce a Rule 26(f) report, and respond to anticipated discovery requests. All of this work may then have to be repeated if and when the actions against TCCC are consolidated. *See Nekritz v. Canary Capital Partners, LLC*, 2004 WL 1462035, at *4 (D.N.J. Jan. 12, 2004) (noting that the resources of the parties, "especially the Defendants," would be best conserved by a stay); *Sevel v. AOL Time Warner, Inc.*, 232 F. Supp. 2d 615, 616 (E.D. Va. 2002) (granting stay to avoid "duplication of effort").

14.     In contrast, Plaintiff will suffer no discernible prejudice by having this matter stayed until the MDL Panel has decided whether to transfer this case. Plaintiff has agreed to the entry of a temporary stay.

15.     The stay is not likely to be overly lengthy. The MDL Panel will hear argument on the motion for transfer and consolidation at its May 31, 2012 session in Washington, D.C., and a ruling by the Panel is expected shortly thereafter.

**WHEREFORE**, TCCC respectfully requests that the Court enter an order staying all proceedings, deadlines, and discovery in this action until thirty (30) days after the MDL Panel rules on the currently pending motion for transfer and consolidation of this and the related actions against TCCC.

1336407.1

Dated:  May 3, 2012

                                  Respectfully submitted,

By:    s/  Lynn H. Murray
           Lynn H. Murray
           Claudia M. Rustad
           GRIPPO & ELDEN LLC
           111 S. Wacker Drive
           Chicago, IL  60606
           (312) 704-7700
           Fax: (312) 558-1195
           lmurray@grippoelden.com
           cmrustad@grippoelden.com

           *Attorneys for Defendant The Coca-Cola Company*

Of counsel:

PATTERSON BELKNAP WEBB & TYLER LLP
Steven A. Zalesin
Travis J. Tu
1133 Avenue of the Americas
New York, New York 10036
Phone: (212) 336-2000
Fax: (212) 336-2222

1336407.1

5

## CERTIFICATE OF SERVICE

I, Claudia M. Rustad, an attorney, hereby certify that on May 3, 2012, I caused a true and correct copy of the attached **DEFENDANTS' AGREED MOTION TO STAY PROCEEDINGS PENDING A RULING BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** to be served electronically via the Court's ECF system upon the following registered counsel of record:

> Jeffrey A. Leon
> Jamie Elisabeth Weiss
> Julie D. Miller
> Complex Litigation Group LLC
> 513 Central Avenue
> Suite 300
> Highland Park, IL 60035
> (847) 433-4500
> Email: jeff@complexlitgroup.com
> Email: Jamie@complexlitgroup.com
> Email: juliem@complexlitgroup.com
>
> David M. Sternfield
> Law Office of David M. Sternfield
> 33 N. Dearborn St.
> Suite 300
> Chicago, IL 60602
> (312) 364-5500
> Email: dmslawoffice@yahoo.com
>
> Richard J. Burke
> Complex Litigation Group LLC
> 1010 Market Street
> Suite 660
> St. Louis, MO 63101
> (314) 880-7777
> Email: Richard@complexlitgroup.com

/s/  Claudia M. Rustad

1336407.1